IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Clinton Burris, | ) | C/A No.: 1:13-582-TMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| York County, South Carolina Sheriff | ) | |
| Bruce Bryant; and York County | ) | |
| Detention Center, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a pretrial detainee incarcerated at York County Detention Center ("YCDC") alleging constitutional violations under 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss this action, without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he was arrested and brought to YCDC on December 2, 2012. [Entry #1 at 4]. He claims that he has since made multiple requests "to be granted personal access to the law-library" in order to prepare his own defense. *Id*. He alleges that officers of all ranks, including the captain of the jail, have denied his requests. *Id*. Plaintiff seeks monetary damages and asks that the defendants pay his filing fee. *Id*. at 5.

He also asks that YCDC allow all *pro se* inmates access to the law library and permit them to spend all their "out-of-cell" time in the library as needed for case preparation. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

2

should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). It is well-settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." *See* 42 U.S.C. § 1983; *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a "person" includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not "persons" and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). Defendant YCDC is a facility used primarily to house detainees awaiting trial in state court. Because YCDC is not a "person" amenable to suit under § 1983, it should be summarily dismissed from this case.

Even if YCDC were amenable to suit under § 1983, the defendants are entitled to summary dismissal because lack of access to a law library does not rise to the level of a deprivation of a constitutional right. The Fourth Circuit has held that local jails, designed for temporary detainment, are generally not required to have a law library. *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987). "[T]he brevity of confinement does not permit sufficient time for prisoners to petition the courts." *Id.* at 452. Furthermore, representation by counsel negates a prisoner's claim of inadequate access to the courts. *Hause v. Vaught*, 993 F.2d 1079, 1084–85 (4th Cir. 1993). Specifically, a pretrial detainee's constitutional right to access to the courts in preparing his defense is satisfied if he has an attorney or was offered counsel but waived his right thereto. *United States v. Chatman*, 584 F.2d 1358, 1360 (4th Cir. 1978) (discussing applicability of *Bounds v. Smith*, 430 U.S. 817 (1977), to pretrial detainees).

To the extent that Plaintiff's library allegation could be construed as claiming denial of court access, his claim also fails. To state a claim for denial of court access, a plaintiff must allege that he has been prejudiced in pursuing non-frivolous litigation concerning his conviction or prison conditions. *Lewis v. Casey*, 518 U.S. 343, 350–53 (1996). The right of access to the courts is the "right to bring to court a grievance that the inmate wished to present," and violations of that right occur only when an inmate is "hindered [in] his efforts to pursue a legal claim." *Id.* at 343. In order to make out a prima facie case of denial of access to the courts, the inmate cannot rely on conclusory allegations; he must identify with specificity an actual injury resulting from official

4

conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996); *see also White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989). A plaintiff must demonstrate that the defendants caused actual injury, such as the late filing of a court document or the dismissal of an otherwise meritorious claim. *Lewis*, 518 U.S. at 353–54. The actual injury requirement is not satisfied by just any type of frustrated legal claim. Actual injury requires that the inmate demonstrate that his "non-frivolous" post-conviction or civil rights legal claim has been "frustrated" or "impeded." *Id.* at 353–55.

In this case, Plaintiff simply alleges that he was denied access to the law library, but fails to allege any specific facts as to how his pending legal case, or any other legal matter, has been adversely affected due to his denial of access to legal materials. Therefore, Plaintiff has failed to state a cognizable claim.

III.    Conclusion

For the foregoing reasons, it is recommended that the district judge dismiss the complaint without prejudice and without issuance and service of process based upon Plaintiff's failure to state a federal question claim on which relief may be granted.

IT IS SO RECOMMENDED.

March 28, 2013                                         Shiva V. Hodges
Columbia, South Carolina                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).